# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| TK HOLDINGS INC., *et al.*, | : | Bankruptcy Case No. 17-11375 (BLS) |
| | : | |
| Debtors. | : | |
| _____ | : | |
| | : | |
| ERIC D. GREEN, TRUSTEE, | : | |
| | : | |
| Appellant, | : | |
| | : | |
| v. | : | C.A. No. 22-9-RGA |
| | : | Bankr. BAP No. 22-1 |
| MITSUI SUMITOMO INSURANCE COMPANY, LIMITED, | : | |
| | : | |
| Appellee. | : | |
| _____ | : | |

## RECOMMENDATION

At Wilmington this **25th** day of **February, 2022**.

WHEREAS, pursuant to paragraph 2(a) of the Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District dated September 11, 2012, the court conducted an initial review, which included information from counsel,[1] to determine the appropriateness of mediation in this matter;

WHEREAS, as a result of the above screening process, the issues involved in this case are not amenable to mediation and mediation at this stage would not be a productive exercise, a worthwhile use of judicial resources nor warrant the expense of the process.

---

[1] Written information was provided by counsel for the parties which is not made part of the court record because it relates to mediation.

This appeal is brought by appellant, Eric D. Green, in his capacity as trustee of the PSAN PI/WD Trust d/b/a the Takata Airbag Tort Compensation Trust Fund ("Trust").  The appellee is Mitsui Sumitomo Insurance Co. (MSI).  The Bankruptcy Court dismissed the Trustee's complaint for declaratory relief by the Trustee for the Takata Airbag Tort Compensation pending in an adversary proceeding where the Bankruptcy Court held that: (1) the Trustee's claim for declaratory relief was not a core proceedings, and (2) the form selection clauses in the MSI insurance policies must be enforced in this matter.

After meeting and conferring, the parties were unable to agree regarding mediation.  The Trustee strongly believes that the parties would benefit from a mediation that provides the opportunity to reach a global settlement of their dispute, the benefit of which avoids unnecessary costs and time involved in protracted litigation, and would delay the recoveries available to the beneficiaries of the Trust, who include those individuals who have been allegedly injured or killed by Takata's defective airbags.  The Trustee offered to mediation in Japan, which MSI declines.  Therefore, the parties should work together to resolve there issues here.

MSI argues that this appeal relies on a legal analysis of whether the Bankruptcy Court was correct in its finding that it lacked jurisdiction over the adversary proceeding because this proceeding is an insurance coverage dispute and is not a core proceeding; and any coverage dispute must be resolved by a Japanese court consistent with Japanese law under the forum selection and designation of law clauses in the MSI insurance policies.  It contends that because this matter represents a binary legal issues, it maintains that this appeal is not amenable to mediation and would not

be a productive exercise. It further contends that no settlement is likely without a final appellate decision addressing the jurisdiction issues adjudicated by the Bankruptcy Court.

Although the parties have not been involved in formal mediation, they have discussed and briefed the legal questions for the past four years.

The parties did not propose a briefing schedule.

THEREFORE, IT IS RECOMMENDED that, pursuant to paragraph 2(a) Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District and 28 U.S.C. § 636(b), this matter be withdrawn from the mandatory referral for mediation and proceed through the appellate process of this Court. The parties were advised of their right to file objections to this Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(a) and D. Del. LR 72.1.

Local counsel are obligated to inform out-of-state counsel of this Order.

/s/ Mary Pat Thynge
Chief U.S. Magistrate Judge Mary Pat Thynge